**Loren W. Collins**, OSB 822213
Email: lorencollins2014@outlook.com
Loren Collins P.C.
780 Commercial St., SE, Ste. 202
Salem, OR  97301
Tel.  971.273.0427
Fax: 503.689.1493
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| JENNIFER BARNARD,<br><br>　　　　　**Plaintiff,**<br><br>**vs.**<br><br>**WAL-MART STORES, INC. ASSOCIATES' HEALTH AND WELFARE PLAN, AND LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,**<br><br>　　　　　**Defendants.** | Case No.:<br><br>**COMPLAINT**<br><br>Civil Action for Benefits Under the Employee Retirement Income Security Act (ERISA) Pursuant to 29 U.S.C. § 1132(a)(1)(B) |

Plaintiff alleges:

## INTRODUCTION

1.     This action is brought on behalf of Plaintiff Jennifer Barnard ("Plaintiff")

against Defendants Wal-Mart Stores, Inc. Associates' Health and Welfare Plan ("the

Plan") and Liberty Life Assurance Company of Boston ("Liberty") pursuant to the

Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et. seq.*

(ERISA). Plaintiff seeks to recover from Defendants' long-term disability insurance

benefits pursuant to the Plan and under the provisions of ERISA, 29 U.S.C. §

1132(a)(1)(B), plus her attorney's fees and costs pursuant to 29 U.S.C. § 1132(g).

## JURISDICTION AND VENUE

2.     Jurisdiction is conferred on this Court by ERISA, 29 U.S.C. § 1132(e)(1),

(f), and (g), which gives the United States district courts jurisdiction to hear civil

actions brought to recover benefits due under the terms of an employee welfare

benefit plan and to seek other declaratory relief and attorney's fees and costs under

ERISA.

3.     Venue is proper in this District Court pursuant to ERISA, 29 U.S.C. §

1132(e)(2) and pursuant to 28 U.S.C. § 1391.

## PARTIES

4.     Plaintiff is a citizen and resident of North Bend, Oregon. At all times

material herein Plaintiff was a participant and/or beneficiary under the Plan.

5.     Defendant Wal-Mart Stores, Inc. Associates' Health and Welfare Plan

("the Plan") is an employer-sponsored health and welfare employee benefit plan

governed by the Employee Retirement Income Security Act of 1974 (ERISA), as

amended. At all times material herein, Wal-Mart Stores, Inc. was and is the sponsor

of the Plan within the meaning of ERISA, 29 U.S.C. § 1002(16)(B).

6.    Defendant Liberty Life Assurance Company of Boston (hereinafter "Liberty") was and is the claims administrator of the Plan.

**FACTS**

7.    Plaintiff was employed by Wal-Mart Stores, Inc. (hereinafter "Walmart") from July 14, 1988 until on or about January 2016.  During this time, Plaintiff was provided with short-term and long-term disability coverage through the Defendant Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (hereinafter "Plan") which was sponsored and funded by Wal-Mart Stores, Inc.

8.    Plaintiff became unable to perform her own occupation as a result of a disabling illness, namely Postural Orthostatic Tachycardia Syndrome and Dysautonomia.  Plaintiff was forced to cease working and subsequently applied for short-term and then long-term disability benefits.

9.    After Plaintiff ceased working for Walmart, Plaintiff received short-term disability benefits.  Plaintiff began receiving long-term disability benefits starting August 3, 2014.  Long-term disability benefits were terminated by Defendant Liberty effective August 2, 2015.  Plaintiff appealed through Defendants' administrative process and the decision to close Plaintiff's claim was overturned on March 25, 2016.  As a result of this reversal, Plaintiff was approved for long-term benefits from August 2, 2015 through January 28, 2016.

10.    On April 12, 2016, Liberty issued a decision in which it held that Plaintiff's long-term disability benefits were denied for any time after January 28, 2016.

Plaintiff once again appealed Liberty's denial through Defendants' administrative process. Liberty issued a decision on appeal on October 26, 2016, in which it maintained its earlier decision to deny benefits to Plaintiff beyond January 28, 2016. Plaintiff appealed from the October 26, 2016 administrative decision.  Plaintiff provided additional medical documentation for review by Liberty including information about Plaintiff's mental and emotional state, namely her anxiety, depression and post-traumatic stress disorder.  On December 22, 2016, Defendant Liberty issued a decision in which it held that the appeal decision of October 26, 2016 remained unchanged.  In its December 22, 2016, letter Defendant Liberty stated that the administrative record remained closed and no further review would be conducted.

11.    Plaintiff continues to the present day to be disabled from her own occupation and from all other occupations as a result of her physical, mental and emotional conditions as listed and described in paragraphs 8 through 10 of this complaint.

## CLAIM FOR RELIEF

12.    As noted above, Defendants' claim decision makers denied Plaintiff's claim for long-term disability benefits.  Plaintiff appealed the denials and fully exhausted her administrative remedies and yet Defendants failed and refused to provide additional benefits.  This civil suit is filed within 180 days of the final decision on appeal.

13.     Defendants abused their discretion and their claim decisions were not based on substantial evidence nor were they the result of a principled and reasoned decision-making process.  Instead, Defendants' decisions were erroneous and were made by ignoring relevant evidence and, in particular, by ignoring evidence of the effect of Plaintiff's mental and emotional state.  Evidence presented by Plaintiff showed that, as a result of Plaintiff's mental and emotional state and her physical condition, she was unable to engage in gainful employment on a regular and sustained basis and was unable to meet the non-exertional attendance requirements of even a sedentary job.  Defendants have violated and continue to violate ERISA, 29 U.S.C. § 1132(a)(1)(B).

14.     29 U.S.C. § 1132(a)(1)(B) authorizes Plaintiff to recover benefits due to her under the terms of the Plan, to enforce her rights under the terms of the Plan, and/or to clarify her right to future benefits under the terms of the Plan.

15.     As a result of the denial of long-term disability benefits due and owing to Plaintiff under the Plan, Plaintiff has been damaged in the amount of $1050 per month from January 29, 2016 through the date of judgment in this case.

16.     As a further result of the denial of Plaintiff's long-term disability benefits under the Plan, Plaintiff has incurred attorney's fees and costs.

17.     Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and any other relevant evidence and declare, pursuant to 29 U.S.C. § 1132(a)(1)(B), that Plaintiff is entitled to the benefits which she seeks

under the terms of the Plan and is entitled to net monthly benefits of $1050 per month from January 29, 2016 through the date of judgment in this case.

18.     In the event that the Court reviews the record and/or other relevant information and determines that the Defendants abused their discretion or that their decision was not supported by the record but that the substance of the record might not support Plaintiff's entitlement to benefits, then Plaintiff respectfully asks that, in the event of such a finding, the Court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate fiduciary Defendant.

19.     Plaintiff further requests that should the Court award Plaintiff any part of the relief requested, that the Court also award Plaintiff her attorney's fees and costs pursuant to 29 U.S.C. § 1132(g).

## PRAYER

WHEREFORE, Plaintiff Jennifer Barnard prays for judgment in her favor and against Defendants as follows:

(1)     For a declaration of entitlement to long-term disability benefits under the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B);

(2)     For a net monthly benefit of $1050 per month from January 29, 2016 through the date of judgment in this case;

(3)     For attorney's fees and costs pursuant to 29 U.S.C. § 1132(g); and

(4)     For such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which

benefits were payable through the time of judgment.

DATED this 24th day of April 2017.

/s/ Loren W. Collins_____
Loren W. Collins, OSB 822213
E-mail: lorencollins2014@outlook.com
Loren Collins P.C.
780 Commercial St., SE, Ste. 202
Salem, OR 97301
Tel. 971.273.0427/Facsimile 503.689.1493
Attorney for Plaintiff

*Barnard v. Wal-Mart Stores, Inc. et. al.* – Complaint for Disability Benefits Under
Employee Retirement Income Security Act